**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MIGUEL G. PEREZ individually and on behalf
of other persons similarly situated who were
employed by AC ROOSEVELT FOOD CORP.
d/b/a CHAMPION FOOD SUPERMARKET
or any other entities affiliated with or controlled
by AC ROOSEVELT FOOD CORP. and
ANTONIO COLLADO,

                                    **REPORT & RECOMMENDATION**

                 Plaintiffs,               10-CV-4824 (JG) (RER)

    -against-

AC ROOSEVELT FOOD CORP. d/b/a
CHAMPION FOOD SUPERMARKET or any
other entities affiliated with or controlled by AC
ROOSEVELT FOOD CORP. and ANTONIO
COLLADO,

                 Defendants.
-------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

## INTRODUCTION

      This action was commenced on October 20, 2010 to recover unpaid overtime wages AC Roosevelt Food Corporation d/b/a Champion Food Supermarket ("Champion Food Supermarket") and Antonio Collado ("Collado") (collectively, "Defendants") owed to Miguel G. Perez ("Perez") and all similarly situated person (collectively, "Plaintiffs") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law Article 19 § 663 ("NYLL"), and 12 New York Codes, Rules, and Regulations § 142-2.2 ("NYCRR"). The Summons and Complaint in this action were served on Champion Food Supermarket on October

27, 2010, and on Collado on November 10, 2010. The Defendants never appeared in this action and Plaintiffs moved for default judgment on January 17, 2011. (Dkt. 5.) Included within the default judgment motion was Plaintiffs' request to certify a class of all current and former employees of Champion Food Supermarket who worked in grocery-related jobs from October 20, 2004 through the present. The Defendants' default was noted by the Clerk of the Court on January 18, 2011. (Dkt. 6.) On January 21, 2011, the Honorable John Gleeson referred the motion for class certification and default judgment to me for a report and recommendation. I then directed Plaintiffs to file their motion for class certification, with any damages submissions to be entertained after the instant motion was ruled upon. (Dkt. Entry February 8, 2011.) For the reasons explained below, I respectfully recommend that Plaintiff's motion for class certification be granted.

## BACKGROUND

Defendants employed Perez as a grocery packer (stocking shelves in the grocery department) from approximately September 2008 to October 2010. Perez Affidavit ("Perez Aff.") ¶ 3. Perez claims that he normally worked 6 days per week, from approximately 12 p.m. to 10 p.m., with a one-hour meal break, and was paid approximately $425 to $475 per week in cash. *Id.* ¶¶ 4-5. Perez alleges that he almost always worked more than 40 hours each week, but did not receive overtime wages for the hours he worked over 40 each week. *Id.* ¶ 6.

Perez alleges that Defendants employed at least 40 people during the two years that he worked for Defendants. Perez Aff. ¶ 6. According to Perez, he and his co-workers all performed similar tasks related to the grocery operations of the supermarket. Perez Aff. ¶ 8. Perez alleges that although the start and end times of the shifts varied, his co-workers also worked 10 hour

2

shifts, 6 days a week, with a one hour meal break. Perez Aff. ¶ 8. Like Perez, his co-workers received approximately $400 to $475 per week in cash with the exception of baggers, who were not paid weekly wages and only received tips. Perez Aff. ¶ 8. Perez alleges that his co-workers did not receive overtime compensation despite working more than 40 hours in a given week. Perez Aff. ¶ 9. Perez claims that he knows how much his co-workers earned and that they were not receiving overtime compensation because they would discuss this regularly, often during their one-hour meal break. Perez Aff. ¶ 9.

Perez claims that he complained to Defendants' manager "Lily," about the alleged wage and hour violations on several occasions but was told he could leave if he did not like it. Perez Aff. ¶ 10. He also complained on behalf of his co-workers and asked that the baggers receive daily wages instead of just tips. *Id.* ¶ 10. According to the Complaint, the failure to provide overtime compensation was a practice instituted at the direction of Collado, Champion Food Supermarket's "shareholder, corporate officer, and/or director." Compl. ¶ 3. Perez alleges that Collado directed operations of the supermarket, made all major personnel decisions, and had complete control of the activities of the supermarket which give rise to the claims. Compl. ¶ 29.

Plaintiffs bring this action alleging that Defendants failed to pay overtime wages for hours worked beyond 40 each week in violation of FLSA and New York law. Plaintiffs further allege that Defendants failed to maintain proper and complete time sheets or payroll records in violation of the recordkeeping requirements under FLSA and applicable state law. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move for class certification to cover

Plaintiffs' claims under NYLL Article 19 § 663 and NYCRR Title 12 § 142-2.2.[1] Plaintiffs seek to certify a class of individuals who worked for Defendants as grocers, packers, stock and inventory clerks in the dairy department, frozen food department, and produce departments, butchers, baggers, cleaners, and in other job functions related to Defendants' grocery operations, from October 20, 2004 through 2010, and who were not paid overtime compensation for hours worked over 40 each week. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Class Certification ("Pl. Mem.") at 2.

## DISCUSSION

### I. Class Certification Standard

Plaintiffs bear the burden of proving that all Rule 23 requirements are met by a preponderance of the evidence. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008); *In re Zyprexa*, 253 F.R.D. at 192 ("Rule 23 requirements are threshold issues; a district court must make a ruling or a determination (not a finding) as to

---

[1] The FLSA has a three-year statute of limitations for wilful violations, and two years for non-wilful violations. 29 U.S.C. § 255(a). The Plaintiffs allege wilfulness and therefore the applicable limitations period under the FLSA is three years. Compl. ¶ 3; Perez Aff. ¶ 10. The statute of limitations under NYLL is six years. N.Y. Lab. Law § 198(3). Plaintiffs allege that Defendants' conduct also violated this state law and seek to certify a class for a period of six years. Pl. Mem. at 7. Because the New York state law claims involve the same conduct as the FLSA claims, the exercise of supplemental jurisdiction is proper. 28 U.S.C. § 1367; *see also, e.g.,* Torres, 2006 WL 2819730, at *11 (exercising supplemental jurisdiction over New York Labor Law and FLSA claims, citing cases). Given that the court can exercise supplemental jurisdiction over the NYLL claims, I recommend certification of employees who worked for Champion Food Supermarket over the past six years.

4

whether they are met."). When deciding whether to certify, "the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). Where disputed issues of fact implicate Rule 23 issues, it is the plaintiffs' burden to prove that those facts are established. *In re Initial Pub. Offering Sec. Litig. ("In re IPO")*, 471 F.3d 24, 41 (2d Cir. 2006) ("[The court must] receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met.").

## II. Plaintiffs Satisfy the Rule 23(a) Prerequisites

Before a class can be certified, the Rule 23 prerequisites require that:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### A. Numerosity

The class must be so numerous that joinder of all members is impracticable. *See, e.g., Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244–45 (2d Cir. 2007) ("the difficulty or inconvenience of joining all members of the class make use of the class action appropriate"). Plaintiffs do not need to show evidence of exact class size. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).

5

Moreover, "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (citation omitted).

Plaintiff contends that the proposed class satisfies the numerosity requirement because the class is comprised of at least 40 individuals with whom Plaintiff worked during the 2 years he was employed by Defendants. Perez Aff. ¶ 6. Plaintiff further contends that there would have been many more similarly situated individuals over the proposed 6 year class period. *Id.* ¶ 6. Forty individuals is numerous enough to render joinder impracticable. Therefore, I find that the putative class is sufficiently numerous.

### B. Commonality

"[A]n issue is common to the class when it is susceptible to generalized, class-wide proof." *In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006); *see also Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253–56 (2d Cir. 2002) (describing how the Third, Fourth, Fifth, Sixth, and Seventh Circuits generally rule for commonality in cases involving uniform fraudulent statements or misrepresentations). Rule 23(a) permits common questions of law or fact. *See, e.g., Kottler v. Deutsche Bank AG*, No. 05 Civ. 7773, 2010 WL 1221809, at *2 (S.D.N.Y. March 29, 2010) (quotations omitted) ("Plaintiffs and all Class members were allegedly victimized by a fundamentally identical scheme . . . and each Class member was similarly injured as a result of participation in that scheme . . . [t]his common factual nucleus creates common legal questions as to the claims."). A single common question of fact or law is sufficient to satisfy the commonality requirement. *Velez v. Majik Cleaning Service, Inc.*, No. 03 Civ. 8698, 2005 WL 106895, at *2 (S.D.N.Y. Jan. 19, 2005).

Plaintiffs contend that the commonality requirement is satisfied because the claims of Perez and those of the putative class arise from a common wrong, namely Defendants' failure to pay the proper overtime rates. Pl. Mem. at 9. Plaintiffs identify 6 common questions of fact and law pertaining to the issue of whether Defendants complied with FLSA and New York law with respect overtime wages. *Id.* at 10. Plaintiffs correctly point out that "each of the core issues involve the existence of a common nucleus of operative facts and the evidence required to prove these issues will be the same." *Id.* at 10. I find that the proposed class meets the Rule 23(a) commonality requirement.

### C. Typicality

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). Plaintiffs contend that every putative class member's cause of action arises from the same underlying course of events and that Defendants' actions affected the current and former employees of Champion Food Supermarket in the same way. Pl. Mem. at 13. Because neither the class representative nor the class members received overtime compensation for hours worked over 40 each week, Plaintiffs argue, the claims of the class representatives are typical of the claims of the class as a whole. Accordingly, I find that Rule 23(a)'s typicality requirement is met.

### D. Adequacy of Representation

Finally, the Court must rule as to whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court therefore

examines the interests of the named Plaintiffs and look to the qualifications of Plaintiffs' counsel. *Baffa v. Donaldson*, 222 F.3d 52, 60 (2d Cir. 2000). "A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) ("[Determining adequacy] serves to uncover conflicts of interest between named parties and the class they seek to represent.). Only a fundamental conflict will defeat the adequacy requirement. *Schwab v. Philip Morris*, 449 F. Supp. 2d 992, 1107 (E.D.N.Y. 2006), *rev'd on other grounds by McLaughlin*, 522 F.3d 215 ("representative plaintiffs must not have interests that are antagonistic to or in conflict with those of the class as a whole").

Plaintiffs' attorneys are experienced in class actions, labor and employment law, and wage suits in particular. *See, e.g., Velez*, 2005 WL 106895, at *5; *Barone v. Safway Steel Products, Inc.*, No. 03 CV 4258, 2005 WL 2009882, at *5 (E.D.N.Y. Aug. 23, 2005). Therefore, the fourth Rule 23(a) factor concerning counsels' adequacy is met. As for the named plaintiff, Perez submits that he wishes to represent his fellow co-workers in this action to recover overtime wages owed to them for the work they performed for Defendants. Perez Aff. ¶ 2. The proposed class representative has suffered the same injury as the putative class members, namely, failing to receive overtime compensation for hours worked over 40 in any given week. Accordingly, I find that the adequacy of representation is established.

### III. Rule 23(b) Requirements

Plaintiffs seek damages under Rule 23(b)(3), under which a class may be certified if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class

> action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3); *see Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982) (requiring that district courts conduct a rigorous analysis of whether Rule 23 prerequisites are met before certifying a class). The Second Circuit has defined a "rigorous analysis" as "made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established . . . [i]n making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement . . . ." *In re IPO*, 471 F.3d at 41 ("[This] obligation is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement.").

A. **Predominance**

"[T]o meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over issues that are subject only to individualized proof." *In re Visa Check/Master Money Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (quotation marks and citations omitted); *accord Moore*, 306 F.3d at 1252 ("Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof."). Plaintiffs contend that all of the class members suffer from the same injury, specifically not being compensated for the overtime hours they worked. Pl. Mem. at 11. According to Plaintiffs, differences in the amounts owed and the hours worked will be irrelevant because the class members almost all worked the same number

of days and hours each week, and thus any difference in damages will be minimal. *Id.* at 11-12.

I agree and find that common questions of law and fact predominate over any questions affecting only individual members.

**B.** **Superiority**

Rule 23(b)(3) requires Plaintiffs to show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs contend that at least 40 workers, if not more, were injured by Defendants' actions and suffered thousands of dollars in the aggregate. Pl. Mem. at 15. Plaintiffs argue that many of the workers would be unable to pursue claims on their own given the expense of litigation and the relatively small size of the individual claims. *Id.* at 15-16. Plaintiffs further argue that a class action is a superior method in the interest of judicial economy. Not only will courts and litigants be spared the expense of multiple trials, "resolving the common issues on a class-wide basis will create uniform resolution of the issues. . . ." *Id.* at 17. Accordingly, I find that the superiority requirement is met.

**CONCLUSION**

For the reasons explained above, I respectfully recommend that class certification be granted.[2] Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable John Gleeson within fourteen days of receipt hereof. Failure to file

---

[2] Plaintiffs did not submit a proposed notice to the class in their motion for class certification. Should the Report & Recommendation be adopted and the class certified, plaintiffs should submit their proposed notice for approval within fourteen days of certification.

timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Dated:  April 11, 2011**
  **Brooklyn, New York**

*Ramon E. Reyes Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**